**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KATHLEEN KAIPOLEIMANU SILIGA, trustee of the Erlene Luka Lahapa Cabrinha Living Trust dated January 29, 2009, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee of the Harborview Mortgage Loan Trust, Series 2006-14 and ONEWEST BANK, FSB, <br><br> Defendants - Appellees. | No. 13-16963 <br><br> D.C. No. 1:11-cv-00318-SOM-RLP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 10, 2016
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-appellant Siliga[1], as trustee for the Erlene Cabrinha Living Trust, brought this action against defendants-appellees One West Bank and Deutsche Bank National Trust Company ("the Bank defendants"), seeking rescission of a defaulted mortgage loan because of alleged unfair and deceptive acts and practices committed by the mortgage brokers ("the Enloe defendants") and the original lender, Express Capital. Siliga appeals (1) the district court's entry of summary judgement in favor of the Bank defendants, and (2) the district court's denial of her motion for leave to amend the Federal Rule of Civil Procedure 16 scheduling order to allow her to amend her complaint. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

1. Summary Judgment

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *See, e.g.*, *Universal Health Servs. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We review de novo. *Id.*

---

[1] The parties have informed us that the trustee for the Erlene Cabrinha Trust was changed in January 2012. Accordingly, the Clerk's Office is directed to substitute the current trustee, Kathleen Siliga, for the former trustee and original plaintiff, Erlene Ichimura. Fed. R. App. P. 43(b).

Siliga brings her claim under Hawaii's Unfair and Deceptive Acts and Practices (UDAP) law. Haw. Rev. Stat. § 480-2(a). Siliga claims that her loan is void *ab initio* because both the original lender and the broker misrepresented the terms of the loan. *Id.* § 480-12 ("Any contract or agreement in violation of this chapter is void and is not enforceable at law or in equity."). She argues that misconduct by the brokers, the Enloe defendants, is attributable to the original lender, Express Capital, because the Enloe defendants were acting as agents of Express.

Siliga has not identified a material "representation, omission or practice[]" by Express Capital that was "likely to mislead consumers acting reasonably under the circumstances." *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1053 (9th Cir. 2014) (alteration in original) (quoting *Courbat v. Dahana Ranch, Inc.*, 141 P.3d 427, 427 (Haw. 2006)). There is no evidence in the record that creates a genuine issue of fact as to agency. Siliga has not demonstrated that the Enloe defendants had the authority to act on behalf of Express, or that either Enloe or Express ever represented that this was the case to Cabrinha, the original borrower. *See, e.g.*, *State v. Hoshijo ex rel. White*, 76 P.3d 550, 561 (Haw. 2003) (defining actual authority); *Cho Mark Oriental Food, Ltd. v. K&K Int'l*, 836 P.2d 1057, 1062

3

(Haw. 1992) (defining apparent authority).  Thus, Siliga failed to demonstrate any genuine disputes of material fact, and summary judgment was proper.

In the alternative, even if there were an issue of fact regarding the validity of the original loan, Siliga's complaint is late under the applicable statute of limitations.  *See* Haw. Rev. Stat. § 480-24(a).  Cabrinha knew of a UDAP violation at or near the time of the loan, because of the disclosures made at or shortly after closing.  *See, e.g.*, *Lizza v. Deutsche Bank Nat'l Trust Co.*, 1 F. Supp. 3d 1106, 1121 (D. Haw. 2014) (noting that a cause of action accrues under Hawaii's UDAP law when the violation occurs); *accord Kersh v. Manulife Fin. Corp.*, 792 F. Supp. 2d 1111, 1122 (D. Haw. 2011); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1289–90 (D. Haw. 2007).  She failed to file a complaint within the four-year limitations period.

2.  Rule 16 Motion to Amend

Because Siliga moved to amend the complaint after the pre-trial scheduling order had been entered, her ability to amend the complaint is governed by Rule 16, not Rule 15.  Rule 16(b)(4) provides that a scheduling order may be amended only "for good cause."  Fed. R. Civ. P. 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment . . ., Rule 16(b)'s 'good cause' standard primarily considers the

4

diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, if the party seeking the amendment was not diligent, the court may deny the motion. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). We review the denial of the motion to amend the scheduling order for abuse of discretion. *See Johnson*, 975 F.2d at 607.

The district court did not err in finding that Siliga was not diligent in seeking to amend her complaint. The facts and claims that Siliga wished to add to her complaint were known to her well in advance of the amendment deadline, and she failed to either seek an amendment or ask for an extension of the deadline. *See, e.g.*, *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013) (holding that district court did not abuse its discretion when it denied a motion to amend, because plaintiff had known earlier of facts and theories supporting amendment). The district court therefore did not abuse its discretion in denying her motion to amend.

AFFIRMED.

5

<u>Siliga v. Deutsche Bank National Trust Co.</u>, No. 13-16963

GRABER, Circuit Judge, concurring in part:

I agree with the majority except for the first reason for upholding summary judgment. But the complaint plainly is untimely.

*Siliga v. Deutsche Bank National Trust Co.*, No. 13-16963

Christen, Circuit Judge, concurring:

The appellees did not argue in the district court that UDAP's four-year statute of limitations barred plaintiff's UDAP rescission claim, so I would not reach this issue. I agree that the district court should be affirmed because appellant did not raise a genuine issue of material fact as to an agency relationship between Express Capital and Enloe Enterprises.